Stewaht, J.
The sole question before this court is the interpretation to be given Section 8003-19, General Code (Section 3105.18, Revised Code), which reads:
“Alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or installments, as the court deems equitable.”
It is the contention of defendant, and her contention was apparently adopted by the Court of Appeals, that under this statute it is mandatory upon the trial court to award some permanent alimony to a wife who has been awarded a decree of divorce for her husband’s aggression, whereas it is the contention of plaintiff that under this statute it is within the discretion of the trial court whether it will award such alimony.
Section 11990, General Code, read:
“When a divorce is granted because of the husband’s aggression, the court shall, if the wife so desires, restore to her any name she had before such marriage, and allow such alimony out of her husband’s property as it deems reasonable, having due regard to property which came to him by marriage and the value of his real and personal estate at the time of the divorce. ’ ’
Section 11991, General Code, read:
“Such alimony may be allowed in real or personal property, or both, or by decreeing to her such sum of money, payable *149 either in gross or installments, as the court deems equitable.”
Under the latter two sections, several Courts of Appeals of this state have held that, where a divorce is granted to a wife upon her husband’s aggression, she is entitled as a matter of law to an award of alimony.
However, Section 11990, General Code, was repealed, and Section 8003-17, General Code, was enacted to replace it, effective August 28, 1951.
It will be noted that the word, “shall,” in Section 11990 was changed to “may” in Section 8003-17, and it seems to us that the statute now gives the court full discretion as to the allowance of alimony.
Although it is true that in some instances the word, “may,” must be construed to mean “shall,” and “shall” must be construed to mean “may,” in such eases the intention that they shall be so construed must clearly appear. Ordinarily, the word, “shall,” is a mandatory one, whereas “may” denotes the granting of discretion.
As was said in the opinion in Lytle v. Baldinger, 84 Ohio St., 1, 95 N. E., 389, Ann. Cas. 1912B, 894, “the presumption is, that every amendment of a statute is made to effect some purpose.” If Sections 11990 and 11991, General Code, did require an award of alimony to a wife awarded a divorce for the aggression of her husband, their repeal and the enactment of Section 8003-19, General Code, demonstrate that now the allowance of alimony is within the sound discretion of the trial court.
Section 3105.18, Revised Code, expresses a little more completely the meaning of Section 8003-19, General Code.
Section 3105.18 reads in part:
“The Court of Common Pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time of the decree. ’ ’
Our conclusion is that under the statutory law governing the present case and as it exists now the trial court has discretion as to the allowance of alimony in a divorce action.
Obviously that discretion must not be abused, and the Court *150 of Appeals has the power, in an appeal from a judgment of the Court of Common Pleas as to alimony, to consider whether there has been an abuse of discretion upon the part of the trial court, or whether the judgment of the latter is against the weight of the evidence. However, the Court of Appeals may not hold that the Court of Common Pleas must, as a matter of law, make an award of alimony, and, where the Court of Appeals finds that the judgment of the Court of Common Pleas either is against the weight of the evidence or is an abuse of discretion, its duty is to remand the cause to the Court of Common Pleas for re-examination.
The judgment of the Court of Appeals is reversed, and the cause is remanded to that court for further proceedings according to law.

Judgment reversed and cause remanded.

Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Taet, JJ., concur.